GARTLAND v. NEW YORK ZOÖLOGICAL SOCIETY.

(Supreme Court, Appellate Term. January 7, 1909.)

1. MASTER AND SERVANT (§ 246*)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE—ACTS IN EMERGENCIES.

That an employé scalded by steam, negligently permitted to escape, would have been uninjured had he remained where he was, instead of groping for an exit, does not bar recovery for his injury, where he was frightened by the situation and discovered an exit.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 791; Dec. Dig. § 246.*]

2. CHARITIES (§ 45*)—SCIENTIFIC SOCIETIES—LIABILITY FOR NEGLIGENT INJURY.

The New York Zoölogical Society, created under Laws 1895, p. 778, c. 435, and Laws 1902, p. 418, c. 146, and controlling for scientific and educational purposes premises owned by the city, with power to appoint, control, and remove employés for whom the society is responsible, is not exempted from liability for personal injury caused by employés' negligence in blowing off a boiler, resulting in a workman being scalded, on the theory that it is a charitable corporation and a mere trustee for a public purpose.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 103; Dec. Dig. § 45.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Michael E. Gartland against the New York Zoölogical Society. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Niles & Johnson (William W. Niles, of counsel), for appellant.
Robert Stewart, for respondent.

MacLEAN, J. The plaintiff was seriously and painfully scalded on his face and hands and in his lungs while struggling to get out

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from a building owned by the city, but controlled by the defendant, wherein he, with another workman, Kelly, was lawfully connecting fittings upon the ceiling in a basement place, into which steam was allowed to escape with startling noise and blinding density from an adjoining boiler room or alcove.

It is said that he would have been injured not at all if, instead of groping for an exit, he had remained quietly where he was. Be that possible, though it so hardly seems, as a man before energetically acting is not bound to peer into the muzzle of a gun barrel pointed at him to see if it be loaded, so it was not the duty, nor might it be expected, of a man of ordinary prudence, to stand in a frightsome place amid blinding steam and appalling noise of which he knew not the cause, without an effort to save himself when a gust of wind showed the only stairway to the outer air.

The occurrences came from the act of the defendant's fireman turning a valve behind the boilers to blow them off. In disrepair, at least disconnected for a fortnight, the exhaust pipe, through which the discharge steam should pass into the sewer, let it escape into the basement. That this would happen the fireman and his superior, the engineer, both regular employés of the defendant, knew, of course. They were aware, too, or might well have been, that the plaintiff and his fellow were engaged in connecting up the fittings upon the ceiling, for the engineer asked how long they would take to finish, and so, purposing to postpone the blow-off, went about something else, from which he was called back by the noise. The fireman knew, or might have known, they were there, or looked to see, for he saw and spoke to them earlier; but he turned on the valves without taking the usual precaution to plug up the pipes and let the steam off gradually. Both employés, fireman and engineer, have been found by the jury negligent and at fault and so liable for the injuries. Presumably, their employer, the New York Zoölogical Society, was also answerable for the negligence of its employés, acting within the scope of their employment. Respondeat superior.

Besides urging the, so to say, conventional arguments for defendants in negligence cases—contributory negligence on the part of the plaintiff, no negligence on the part of the defendant, the act of the defendant's servants not the proximate cause of the injuries, and the absence of contractual relation between the parties, the plaintiff being a mere licensee, to each of which the jury's finding is adverse—the counsel for the appellant insists with ingenuity and erudition that the defendant is not liable, because it is a charitable corporation and was a mere trustee for a public purpose. Conceding all the catalogue of commendable things claimed for the society, patterned after an elder and foreign model, its public spirited members by special acts (chapter 435, p. 778, Laws 1895, and chapter 146, p. 418, Laws 1902) created and continued a self-perpetuating corporation, the defendant under a contract took over from the city the control and maintenance, excepting repairs, of the premises, whereon the injured plaintiff was making repairs at the instance and expense of the city, and wherein it conducts a laudable work constituting an attraction, entertaining, instructive, and beneficial to visitors from near and far, whom it ad-

mits part of the time gratuitously and part of the time at a price, all this under a subsidy from the city of $45,000 a year in money and an undertaking to make such changes, repairs, and alterations in the building, machinery, and equipment as should be agreed upon between it and the society, which latter bound itself in turn to expend the money for purposes of maintenance, the exhibition of its own collection of curiosities, for connected "scientific, educational, and administrative work," and purchase of scientific supplies, with the right nevertheless to sell, loan, exhibit, or exchange its collections and acquisitions.

Elevating were, doubtless, some of the society's activities and suffrances, but not in any sense were they of such as are recognized as within the charitable or educational duties of government, nor was it a trustee legally representing the city in a public capacity, and whose revenues above maintenance were to be applied to the payment of the principal and interest of a public debt, such as were held to be the trustees of the New York and Brooklyn Bridge in an action brought against it for a personal injury (Walsh v. Trustees of N. Y. & B. Bridge, 96 N. Y. 427), nor was the act for which here the defendant must be held responsible a calamity of unascertainable cause due to some accident or panic which no human foresight should have anticipated or prevented, as was held to be the catastrophe upon which was brought another action against the same trustees named individually (Hannon v. Agnew, 96 N. Y. 439).

As argumentum ad hominem seemingly excusable on scanning the names of the public spirited charter members, it may be remarked that the heedless fireman and engineer were employés whom the society had "absolute power to appoint, direct, control, and remove," and for whom, as their writing ran, "the society shall be responsible." They were not, so far as appears, in the civil service of a civil division of the state—not persons whose appointment had been "made according to merit and fitness  *  *  *  ascertained so far as practicable by examinations," which were "so far as practicable  *  *  *  competitive." Const. art. 5, § 9. Surely, if the fireman and the engineer could be deemed municipal employés, some of the distinguished managers would have moved that they be so selected in compliance with the Constitution (art. 5, § 9), or the ever alert association, organized solely for the betterment of municipal service and the public good, would have pointed out this discrepancy. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. (concurring). In my opinion, the evidence shows that the plaintiff was injured solely through the negligence of the servants of the defendant. The doctrine of respondeat superior is therefore applicable to this case, even though the defendant is, as it claims, a charitable corporation. Kellogg v. Church Charity Foundation, 128 App. Div. 214, 112 N. Y. Supp. 566.

The judgment appealed from should be affirmed, with costs.